# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-50509
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN ANTONIO GARCIA-INFANTE,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-3502-1

---

Before SMITH, SOUTHWICK, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Juan Garcia-Infante appeals the 24-month sentence imposed following his conviction of illegally reentry into the United States after deportation. He contends that the above-guidelines sentence is substantively unreasonable.

Garcia-Infante fails to show an abuse of discretion. *See United States*

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

*v. Smith*, 440 F.3d 704, 707-08 (5th Cir. 2006). His "argument that the district court could not rely on factors already encompassed within the guidelines to support a non-guidelines sentence is foreclosed." *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010). Moreover, when considering prior convictions, district courts need not "limit that inquiry to recent offenses." *United States v. Lerma*, 123 F.4th 768, 773 (5th Cir. 2024). We also have rejected the argument that the Sentencing Guidelines overstate the seriousness of illegal reentry merely because the offense is a nonviolent international trespass. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Finally, Garcia-Infante fails to show that the district court clearly erred in balancing the statutory sentencing factors or in affording weight to the various aspects of his criminal history. *See Smith*, 440 F.3d at 708–09.

The judgment is AFFIRMED.